## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

STEPHANIE ANN GLATZ,     :     NO. 4:24-CV-02219
      Plaintiff     :
                   :
    v.     :
                   :     (CAMONI, M.J.)
COMMISSIONER OF SOCIAL     :
SECURITY,     :
      Defendant     :

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Stephanie Ann Glatz's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (SSA). Complaint, Doc. 1. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons expressed below, the Court will affirm the Commissioner's decision.

## I.    BACKGROUND

On August 17, 2022, Plaintiff Stephanie Ann Glatz applied for Disability Insurance Benefits and Supplemental Security Income, under Titles II and XVI of the SSA, claiming disability beginning January 31, 2018.  Application, Doc. 10-5 at 2-3. Thereafter, Plaintiff amended her disability onset date to June 14, 2021. Hearing Transcript, Doc. 10-2 at 44. The Social Security Administration denied Plaintiff's claim initially and after reconsideration. *Id.* at 18.  On June 17, 2024, an Administrative Law Judge ("ALJ") conducted a telephone hearing, *id.*, and on September 20, 2024, he determined that Plaintiff was not disabled under the SSA. *Id.* at 32. On October 28, 2024, the Appeals Council denied Plaintiff's request for review, so the ALJ's determination that Plaintiff was not disabled is the Commissioner's final decision. *Id.* at 2; *see* 42 U.S.C. § 405(g).

Pending before this Court is Glatz's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 15, 17, 18) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all

proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 8.

## II.   THE ALJ'S DECISION

In a decision dated September 20, 2024, the ALJ determined Plaintiff was not disabled between June 14, 2021, and September 20, 2024. Doc. 10-2 at 32. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the SSA. *See* 20 C.F.R. §§ 416.920(a)(1), 404.1520(g).

At step one, an ALJ must determine whether the claimant has engaged in substantial gainful activity ("SGA") since the onset of alleged disability. 20 C.F.R. § 416.920(a)(4)(i). If a claimant has engaged in SGA the Regulations deem them not disabled, regardless of age, education, or work experience. 20 C.F.R. § 416.920(b). SGA is defined as work activity—requiring significant physical or mental activity—resulting in pay or profit. 20 C.F.R. § 416.972. Here, the ALJ determined that Glatz "has not engaged in [SGA] since June 14, 2021, the amended alleged

onset date." Doc. 10-2 at 21. Thus, the ALJ's analysis proceeded to step two.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities, [the ALJ] will find that [the claimant] do[es] not have a severe impairment and [is], therefore, not disabled." 20 C.F.R. § 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the analysis continues to the third step.

Here, the ALJ found that Glatz has the following severe impairments: affective psychosis, bipolar disorder, major depressive disorder, posttraumatic stress disorder (PTSD), and obesity. Doc. 10-2 at 21.

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals an

impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. 20 C.F.R. § 416.920(a)(4)(iii). If the ALJ determines that the claimant's impairments meet these listings, then the claimant is considered disabled. *Id*. Here, the ALJ determined that none of Glatz's impairments, considered individually or in combination, met or equaled a listing. Doc. 10-2 at 22. Specifically, the ALJ considered listings 12.04, 12.06, and 12.15. *Id*.

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the medical evidence provided. 20 C.F.R. § 416.920(a)(4). The ALJ determined that Glatz has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that she can understand, remember, and carry out simple instructions. Doc. 10-2 at 24. Moreover, Glatz can use judgment to make simple work-related decisions, deal with occasional changes in a routine work setting, and occasionally interact with supervisors, coworkers, and the public. *Id*. However, Glatz cannot perform assembly line work or work that requires hourly quotas. *Id*.

At step four, after assessing a claimant's RFC, the ALJ must determine whether the claimant has the RFC to perform the requirements of their past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. *Id.* If the claimant cannot perform past relevant work or has no past relevant work, then the analysis may proceed to the fifth step. *See* 20 C.F.R. § 416.960(a)(4), (h). Here, the ALJ found that, prior to the established onset date, Glatz had no past relevant work. Doc. 10-2 at 31.

At step five of the sequential analysis process, an ALJ considers the claimant's age, education, and work experience to see if a claimant can make the adjustment to other work. 20 C.F.R. § 416.920(a)(4)(v). If a claimant can perform other work, they will not be considered disabled. *Id.*

After considering Glatz's age, education, work experience, RFC, and the vocational expert's testimony, the ALJ determined that there exist jobs in significant numbers within the national economy that Glatz can perform. Doc 10-2 at 31.  As a result of this analysis, the ALJ determined

PAGE - **6** - OF **16**

that Plaintiff was not under a disability from June 14, 2021, to September 20, 2024. *Id.*

## III.  STANDARD OF REVIEW

In order to receive benefits under the Social Security Act, a claimant must demonstrate an "inability to engage in any SGA by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other SGA that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A).

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court's review is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp.

2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (internal quotations omitted). Substantial evidence is less than a preponderance of the evidence but "more than a mere scintilla." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala,* 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart,* 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Glatz was disabled, but whether the Commissioner's finding that Glatz was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner.").

## IV.   DISCUSSION

Glatz generally argues that the ALJ erred in determining her RFC because he failed to describe the full limiting effects of Plaintiff's impairments on her ability to work on a continuous basis, in contravention of SSA policy. Doc. 15 at 11, citing § 404.1545(e). In

particular, Glatz argues that the ALJ failed to discuss or present to the vocational expert the opinions of two medical sources who found that Plaintiff was limited to performing one- to three-step tasks. Doc. 15 at 20. Second, Glatz asserts that the ALJ's assessment of some doctors' opinions were internally inconsistent, vague, and selective. *Id.* at 20-21. Third, Glatz argues that the record evidence supported a finding of disability. *Id.* at 16.

The Court finds all of Glatz's arguments unavailing. Glatz essentially attempts to convince the Court that the ALJ could have weighed the record evidence differently to conclude that she is disabled. But this Court "may not weigh the evidence or substitute our own conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Rather, the task before the Court is much simpler: to ascertain whether the ALJ's decision was supported by substantial evidence. *Id.* Because a review of the record demonstrates that it was, the Court, adhering to the deferential standard of review outlined above, will affirm the decision of the Commissioner.

### i. The ALJ properly considered Glatz's mental limitations.

Glatz argues that the ALJ erroneously neglected to either discuss in his decision or present to the Vocational Expert the opinions of experts who concluded that Glatz could only perform one- to three-step tasks. Doc. 15 at 20.

First, contrary to Glatz's assertion, the ALJ did in fact discuss the medical opinions that found that she was limited to simple instructions, defined as one- to three-steps, and the ALJ explained why he considered their opinions unpersuasive. Doc. 10-2 at 29. His analysis was consistent with the record evidence and fully articulated.

Additionally, Glatz is also wrong in saying that the ALJ did not present that limitation to the ALJ. In presenting the VE with a hypothetical to determine whether jobs exist in the national economy consistent with Glatz's RFC, the ALJ described that the hypothetical "individual can understand, remember, and carry out simple instructions[.]" Doc. 10-2 at 55. Glatz would shift the goalposts by requiring the ALJ to specify that simple instructions include only one to

three steps but identifies no legal authority demanding such granularity; it amounts to nothing more than a distinction without a difference.

The RFC and the questions to the VE incorporated the mental limitation to simple instructions, which was supported by substantial evidence. Thus, the ALJ' did not err.

### ii.    The ALJ's findings were proper and sufficiently articulated.

Next, Glatz claims that the ALJ's assessment of some medical sources' opinions was contradictory because the ALJ described the opinions as being supported by evidence but ultimately unpersuasive. Doc. 15 at 15, 20. This was harmless error and does not require remand. *Minarsky v. Kijakazi*, 747 F. Supp. 3d 801, 816 (M.D. Pa. 2024) ("remand is not required unless there is 'reason to believe that the remand might lead to a different result.'").

Here, the ALJ found that two medical experts' opinions, while supported by some facts, were ultimately not consistent with the medical record, and thus were unpersuasive. Doc. 10-2 at 29. Although the ALJ wrote that the experts' opinions were "consistent with the medical record," in context, it is clear that was a typographical error, and he

intended it to read, "not consistent." The ALJ began the two sentences in question with the word "however," indicating that what followed would run counter to what came before—that the opinion was supported by certain facts—and cited evidence supporting his determination that the experts' opinions were ultimately inconsistent with the record and thus unpersuasive. *Id.* More importantly, the ALJ's choice to deem the experts' opinions unpersuasive was supported by substantial evidence because, as he articulated, the opinions did conflict with the medical record. Accordingly, there is no reason to believe that remand would lead to a different result. Therefore, any error in the ALJ's misstatements was harmless.

Second, Glatz broadly asserts that the ALJ's findings were vague and not based on the totality of the evidence, but rather on skewed medical evidence that supported his findings. Doc. 15 at 16. Stated differently, Glatz accuses the ALJ of cherry-picking evidence to support his conclusions. The Court disagrees.

Because an ALJ's duty of articulation requires just "some indication" of their consideration of probative evidence, *Burnett v.*

*Commissioner*, 220 F.3d 112, 121 (3d Cir. 2000), an ALJ's analysis "need not discuss every piece of evidence in the record," and instead simply requires the building of "'an accurate and logical bridge between the evidence and the result.'" *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (quoting *Hodes v. Apfel*, 61 F.Supp.2d 798, 806 (N.D. Ill. 1999); and *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). Further, in assessing whether an ALJ has provided adequate analysis for rejecting or accepting certain evidence, the court must look to the ALJ's decision as a whole, not only the part directly addressing the particular evidence or opinion in question. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) ("[T]he ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that [claimant] did not meet the requirements for any listing[.]").

Here, reading the decision as a whole, as required, the ALJ relied upon relevant evidence in the record that both undermined and bolstered his ultimate findings. Doc. 10-2 at 25-30. More importantly, his reasoning was sufficiently clear for this Court to follow. Glatz's second argument fails.

### iii. The Court cannot substitute its judgment for the ALJ's.

Finally, Glatz argues that there was enough evidence in the record for the ALJ to find that she was disabled. Doc. 15 at 16. Glatz states that "the underlying record supports Plaintiff's description of highly variable functioning that prevents her from working 'on a regular and continuous basis'; more to the point, . . . the ALJ did not reasonably find to the contrary." *Id.*

The fact that the record evidence could support an alternative finding to that of the ALJ does not mean that the ALJ erred in his decision. *Zappala v. Barnhart*, 192 F. App'x 174, 177 (3d Cir. 2006), citing *Consolo*, 383 U.S. at 620. Indeed, the mere "possibility that two inconsistent conclusions may be drawn from the evidence contained in the administrative record does not prevent an agency's finding from being supported by substantial evidence." *Id.* Here, although there is evidence in the record that might have led the ALJ to reach an alternative conclusion, the Court has examined the record and finds that the ALJ's decision was supported by substantial evidence. Glatz has identified no error justifying remand.

PAGE **- 15 -** OF **16**

## V.   CONCLUSION

Based on the foregoing, the Court will **AFFIRM** the Commissioner's decision.

An appropriate order follows.


Dated: March 30, 2026                    s/*Sean A. Camoni*

Sean A. Camoni
United States Magistrate Judge